1

2

3

4

5

6

7

8            IN THE UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10   CHADERICK INGRAM

11          Plaintiff,                No. 2:12-cv-1787 MCE DAD PS

12      vs.

13   CITY OF SACRAMENTO, et al.,        <u>FINDINGS AND RECOMMENDATIONS</u>

14          Defendants.

15   _____/

16          Plaintiff, proceeding pro se, commenced this action on July 6, 2012, by filing a

17   complaint and a motion to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  (Doc. Nos. 1

18   & 2.)  This matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and

19   28 U.S.C. § 636(b)(1).

20          Plaintiff's in forma pauperis application makes the showing required by 28 U.S.C.

21   § 1915(a)(1).  However, a determination that a plaintiff qualifies financially for in forma pauperis

22   status does not complete the inquiry required by the statute.  "'A district court may deny leave to

23   proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that

24   the action is frivolous or without merit.'"  <u>Minetti v. Port of Seattle</u>, 152 F.3d 1113, 1115 (9th

25   Cir. 1998) (quoting <u>Tripati v. First Nat. Bank & Trust</u>, 821 F.2d 1368, 1370 (9th Cir. 1987)).  <u>See</u>

26   <u>also</u> <u>Smart v. Heinze</u>, 347 F.2d 114, 116 (9th Cir. 1965) ("It is the duty of the District Court to

1   examine any application for leave to proceed in forma pauperis to determine whether the

2   proposed proceeding has merit and if it appears that the proceeding is without merit, the court is

3   bound to deny a motion seeking leave to proceed in forma pauperis."). Moreover, the court must

4   dismiss an in forma pauperis case at any time if the allegation of poverty is found to be untrue or

5   if it is determined that the action is frivolous or malicious, fails to state a claim on which relief

6   may be granted, or seeks monetary relief against an immune defendant. See 28 U.S.C. §

7   1915(e)(2). A complaint is legally frivolous when it lacks an arguable basis in law or in fact.

8   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

9   (9th Cir. 1984). Under this standard, a court must dismiss a complaint as frivolous where it is

10  based on an indisputably meritless legal theory or where the factual contentions are clearly

11  baseless. Neitzke, 490 U.S. at 327; 28 U.S.C. § 1915(e).

12          To state a claim on which relief may be granted, the plaintiff must allege "enough

13  facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550

14  U.S. 544, 570 (2007). In considering whether a complaint states a cognizable claim, the court

15  accepts as true the material allegations in the complaint and construes the allegations in the light

16  most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Hosp. Bldg.

17  Co. v. Trustees of Rex Hosp., 425 U.S. 738, 740 (1976); Love v. United States, 915 F.2d 1242,

18  1245 (9th Cir. 1989). Pro se pleadings are held to a less stringent standard than those drafted by

19  lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as

20  true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western

21  Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

22          The minimum requirements for a civil complaint in federal court are as follows:

23          A pleading which sets forth a claim for relief . . . shall contain (1) a
            short and plain statement of the grounds upon which the court's
24          jurisdiction depends . . . , (2) a short and plain statement of the
            claim showing that the pleader is entitled to relief, and (3) a
25          demand for judgment for the relief the pleader seeks.

26  Fed. R. Civ. P. 8(a).

1          Here, plaintiff's complaint does not contain a short and plain statement of his

2  claim showing that he is entitled to relief.  In this regard, plaintiff's complaint consists of thirty

3  nine pages of rambling, largely incoherent, vague allegations intermixed with references to

4  federal law.

5          For example, the complaint alleges the following:

6          Pep Boys vandalize Plaintiffs vehicle, malicious mischief,
           depriving Plaintiff of his privileges, Geico Insurance charged
7          Plaintiff an enormous amount of money for full coverage
           insurance, also taunted and threatened Plaintiff for no reason on
8          camera at a Geico insurance branch on Arden Way and geico (sic)
           insurance refused to cover a total loss as they stated firestone
9          complete auto drove a roadside assisted car back and forth without
           being repaired out of there auto facility, Firestone auto stated the
10         car runs great then called back and stated that they can't fix the car,
           Sands Motel refused rent to Plaintiff for no reason at all and
11         refused to show a 21 day policy they have to have, in front of
           witness;

12

13  (Compl. (Doc. No. 1) at 2.)

14          In his complaint plaintiff also alleges that the actions of the named defendants

15  "seems like a family conspiracy against Plaintiff" and that as "you see the numbers, jokes are

16  being made but in the process a thief is showing itself." (Id. at 3.)  Moreover, the compliant

17  alleges that plaintiff "was also denied mechanical breakdown with his full coverage insurance,

18  not securing Plaintiffs U.S. Constitutional Civil Rights . . ." (Id. at 6.)

19          Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a

20  complaint must give the defendant fair notice of the plaintiff's claims and must allege facts that

21  state the elements of each claim plainly and succinctly.  Fed. R. Civ. P. 8(a)(2); Jones v.

22  Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  "A pleading that offers 'labels

23  and conclusions' or 'a formulaic recitation of the elements of cause of action will not do.'  Nor

24  does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual

25  enhancements.'"  Ashcroft v. Iqbal, 556 U.S.662, ---, 129 S. Ct. 1937, 1949 (2009) (quoting

26  Twombly, 550 U.S. at 555, 557.  A plaintiff must allege with at least some degree of particularity

1    overt acts which the defendants engaged in that support the plaintiff's claims.  Jones, 733 F.2d at

2    649.

3            Having reviewed plaintiff's allegations, the undersigned will make a substantive

4    finding of frivolousness as to the complaint filed in this action.  Although the allegations found

5    in plaintiff's complaint are difficult to comprehend, they apparently concern the rate he is being

6    charged for car insurance, the repair of his vehicle and the renting of a hotel room.  In any event,

7    his allegations lack an arguable basis in law, are indisputably meritless and are thus frivolous.

8    See Neitzke, 490 U.S. at 325-27; Franklin, 745 F.2d at 1227-28.

9            Accordingly, for the reasons cited above, plaintiff's complaint should be

10   dismissed for failure to state a claim upon which relief can be granted.

11           The undersigned has carefully considered whether plaintiff may amend his

12   pleading to state a claim upon which relief can be granted.  "Valid reasons for denying leave to

13   amend include undue delay, bad faith, prejudice, and futility."  California Architectural Bldg.

14   Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988).  See also Klamath-Lake

15   Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that

16   while leave to amend shall be freely given, the court does not have to allow futile amendments).

17   In light of the obvious deficiencies of the complaint filed by plaintiff in this action as noted

18   above, the court finds that it would be futile to grant plaintiff leave to amend.

19           Accordingly, IT IS HEREBY RECOMMENDED that:

20           1.  Plaintiff's July 6, 2012 application to proceed in forma pauperis (Doc. No. 1)

21   be denied;

22           2.  Plaintiff's July 6, 2012 complaint (Doc. No. 1) be dismissed without leave to

23   amend; and

24           3.  This action be closed.

25           These findings and recommendations will be submitted to the United States

26   District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within

fourteen (14) days after being served with these findings and recommendations, plaintiff may file written objections with the court.  A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: November 6, 2012.

Dale A. Drozd
_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DDAD:6
Ddad1\orders.pro se\ingram1787.ifpden.f&rs.wpd

5